**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

PATRICK C. LYNN,

      **Plaintiff,**

      **v.**                            **CASE NO. 19-3125-DDC**

SHERRI PRICE, et al.,

      **Defendants.**

**ORDER**

Plaintiff, Patrick C. Lynn, brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. On August 30, 2019, the court entered an Order (Doc. 9) denying plaintiff's motion for leave to proceed in forma pauperis (Doc. 2), and denying plaintiff's Motion for Filing Fee Waiver Based on Imminent Dangers of Serious Physical Injury (Doc. 3). The Order required plaintiff, who is a three-strikes litigant, to submit the $400 filing fee by September 13, 2019. The Order also notified plaintiff that his failure to pay the full filing fee within the allowed time would result in dismissal of his action without prejudice. Instead of complying with the Order, plaintiff filed a Notice of Interlocutory Appeal (Doc. 10) on September 6, 2019.

The court's ruling on plaintiff's motions does not warrant certification of an interlocutory appeal. The Tenth Circuit Court of Appeals has jurisdiction to hear appeals only from "final decisions" of district courts. *Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL 5427783, at *1 (D. Kan. Dec. 31, 2008) (citing 28 U.S.C. § 1291). "In light of this statutory limitation, interlocutory appeals are the exception and not the rule." *Id.* (citing *Myers v. Oklahoma Cty. Bd. of Comm'rs.*, 80 F.3d 421, 424 (10th Cir.), *cert. denied*, 519 U.S. 963 (1996) (citing *Johnson v.*

*Jones*, 515 U.S. 304, 308 (1995)); *see also Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so.").

The court must evaluate an interlocutory appeal under 28 U.S.C. § 1292(b), which provides for appeals from interlocutory decisions in limited circumstances. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Certifying an interlocutory appeal under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Larson-White*, 2008 WL 5427783, at *1 (citing *State of Utah By and Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.) (citing S. Rep. 2434, 1958 U.S.C.C.A.N. at 5262), *cert. denied*, 513 U.S. 872 (1994)).

The court does not find that an immediate appeal from the court's non-dispositive order could materially advance the ultimate resolution of this matter. The court's ruling does not involve a controlling question of law on which there is substantial ground for difference of opinion. The court thus declines to order certification of this case for interlocutory appeal.

The court denied plaintiff leave to proceed in forma pauperis at the district court level and plaintiff has not satisfied the district court filing fee prerequisite. As a three-strikes litigant,[1] he likewise is not entitled to appeal without prepaying the appellate filing fee unless he shows imminent danger arising from the allegations raised in his Complaint or appeal. The court finds that plaintiff has not shown imminent danger as set forth in the court's Order, Doc. 9. Therefore, the court also denies plaintiff leave to appeal in forma pauperis. Section 1915(g) prohibits a three-strikes prisoner from bringing a civil action or appeal "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Because plaintiff has not shown that he meets the only exception set forth in § 1915(g), the court denies leave to appeal in forma pauperis.

Earlier, this court warned plaintiff that his case is not automatically stayed by an interlocutory appeal. *See, e.g., Lynn v. Willnauer*, No. 19-3117-JAR, Doc. 16, at 3. Thus, the time set by the court for plaintiff to pay the district court filing fee in full or suffer dismissal of this case has passed. Plaintiff has failed to pay the filing fee by the court's deadline.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199,

---

[1] Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records plainly establish that plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See, e.g., Lynn v. McClain,* 12 F. App'x 676, 679 (10th Cir. 2001) (noting that Lynn's "past civil filings have subjected him to the 'three strike' provisions"); *Lynn v. McClain,* 162 F.3d 1173 (10th Cir. 1998) (finding that Lynn "now has a total of six strikes against him").

1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to submit the required filing fee by the court's deadline. As a consequence, the court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that the court declines to certify plaintiff's interlocutory appeal (Doc. 10), and denies plaintiff leave to proceed without prepayment of fees on appeal.

**IT IS FURTHER ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that plaintiff's pending motions (Docs. 4, 5, and 8) are **denied** as moot.

**IT IS SO ORDERED**.

**Dated September 25, 2019, in Kansas City, Kansas.**


**s/ Daniel D. Crabtree**
**DANIEL D. CRABTREE**
**United States District Judge**